IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY JOHN ROWE : | |
|             **Plaintiff,** : | |
| : | |
| v. : | CIVIL ACTION NO. 14-2702 |
| : | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, : | |
|             **Defendants.** : | |

### MEMORANDUM OPINION

**RUFE, J.**                                                                                                           **JUNE 19, 2014**

Plaintiff, a prisoner in state custody, filed suit in the Court of Common Pleas of Philadelphia County, Pennsylvania, against various state and local governmental entities and employees pursuant to a document entitled "Complaint in Replevin." Defendants removed the complaint to this Court on the grounds that the complaint purports to assert claims based on violations of the United States Constitution. Defendants have moved to dismiss, which Plaintiff opposes, and Plaintiff has raised various motions of his own. For the following reasons, Defendants' motions to dismiss will be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[1] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[2] Courts are not, however, bound to accept as true legal conclusions couched

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[2] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

as factual allegations.[3]  Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[4] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[5]  The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[6] Although the complaints of *pro se* litigants such as Plaintiff are construed liberally, he "still must allege sufficient facts . . . to support a claim."[7]

     To the extent that it is comprehensible, Plaintiff's complaint appears to allege that Anthony John Rowe, as "Secured Party Creditor, Authorized Representative and Holder in Due Course" is "property" being wrongfully retained pursuant to a judgment in a criminal case against "Corey Rowe."  Plaintiff contends that the "judgment lien" of the criminal case has been satisfied pursuant to the Uniform Commercial Code ("UCC") and various other statutes and that "Anthony John Rowe, the real flesh and blood (Physical Corpus) of the Plaintiff's held as 'personal property'" must be released as Plaintiff now holds "legal title, judicial and commercial lien against the property, via Default Judgment, Writ of Execution and a filed 'Financing Statement . . . .'"  There are further nonsensical allegations of satisfaction of judgment and the

---

[3] *Twombly*, 550 U.S. at 555, 564.

[4] *Id.* at 570.

[5] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[6] *Id.* (quoting *McGregor v. Indus. Excess Landfill, Inc.,* 856 F.2d 39, 42-43 (6th Cir. 1988)).

[7] *Mala v. Crown Bay Marina, Inc.* 704 F.3d 239. 245 (3d Cir. 2013).

like, the upshot of which is that Defendants' failure to recognize the satisfaction of judgment allegedly violates Plaintiff's rights to due process and other constitutional rights.[8]

The complaint fails to state a cognizable claim or to meet the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It also appears that Plaintiff seeks to obtain damages for claims relating to a successful criminal prosecution without the required showing that the claims terminated in his favor.[9] Moreover, to the extent that John Anthony Rowe and Corey Rowe are separate people, the former cannot assert claims on behalf of the latter.

---

[8] As best the Court can determine, Plaintiff's complaint may be related to a variation on a scheme that the Third Circuit has described as follows:

> Evidently, inmates were filing financing statements under Article 9 of the UCC, which sets forth a process for perfecting security interests in property. These liens and judgments, accessible on financing statement forms, are easy to file. Once registered, however, the fraudulent liens are very burdensome to remove. For example, in a New Jersey incident, criminal defendants registered a fraudulent $14.5 million lien with the New Jersey Department of Revenue against a federal prosecutor and a $ 3.5 million lien against a federal judge for using their "copyrighted" names in court papers and hearings; it took a federal court order to remove them. In addition to the substantial effort and expense required to expunge the liens, the fraudulent filings ruined the victims' credit reports.

*Monroe v. Beard*, 536 F.3d 198, 203 (3d Cir. 2008). The Court of Appeals then explained that:

> Further investigation revealed that various publications were advocating the exploitation of the UCC filing process and provided explicit instructions on how to perfect these fraudulent security interests, including sample financing statements forms. One instruction book, *Cracking the Code*, calls for the use of commercial law to resist authority, including the correctional and judicial systems. The book adheres to the "Redemptionist" theory, which propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1993 [*sic*], and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. If government officials refuse, inmates are encouraged to file liens against correctional officers and other prison officials in order to extort their release from prison.

*Id.* at n. 4. Although this background may perhaps shed some light on the motivations behind Plaintiff's claims (and explain the references to Corey Rowe), it does not render the incomprehensible into a legal claim.

[9] *Heck v. Humphrey*, 512 U.S. 477 (1994).

3

Finally, the Court will dismiss the complaint with prejudice. In civil rights cases, "district courts must offer amendment – irrespective of whether it was requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."[10] The Court holds that amendment of a patently frivolous complaint would be both inequitable and futile. An order will be entered.

---

[10] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).